UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| JOHN S. TRUITT and SHIREEN E. TRUITT,<br><br>Debtors. | Case No. 4:14-bk-00722-BMW<br><br>**RULING AND ORDER RE: MUNGER CHADWICK, P.L.C.'S APPLICATION FOR RELEASE OF SETTLEMENT FUNDS UNDER CHARGING LIEN** |

This matter came before the Court pursuant to *Munger Chadwick, P.L.C.'s Application for Release of Settlement Funds Under Charging Lien* (the "Application") (Dkt. 578) filed by Munger, Chadwick, & Denker, P.L.C., formerly named Munger Chadwick, P.L.C. (collectively, "Munger Chadwick" or the "Firm"), on September 5, 2019; the *Trustee's Objection to Munger Chadwick, P.L.C.'s Application for Release of Settlement Funds Under Charging Lien* (the "Objection") (Dkt. 581) filed by Trudy A. Nowak, the Chapter 7 Trustee (the "Trustee"); and all pleadings related thereto.

The Court held a hearing on the Application on November 12, 2019, at which time the parties presented oral argument and the Court took this matter under advisement. Based upon the pleadings, arguments of counsel, and entire record in this case, the Court now issues its ruling.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding to determine the validity, extent and/or priority of a lien. 28 U.S.C. § 157(b)(2)(K).

## II. Factual Background & Procedural Posture

This case was commenced on January 21, 2014 (the "Petition Date"), when John and Shireen Truitt (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Pre-petition, Munger Chadwick represented the Debtors and related entity Chasm Investments, Ltd. in connection with various legal matters, including certain litigation. When the Debtors filed for bankruptcy, they were involved in no fewer than four lawsuits, all pending in Arizona state courts. (*See* Dkt. 37 at 6; Dkt. 87; Dkt. 115; Dkt. 128 at 3). However, Munger Chadwick was never retained as special counsel in this bankruptcy case.

On March 12, 2014, Munger Chadwick filed a proof of claim in the amount of $903,313.28 for legal services rendered pre-petition. (Proof of Claim 3-1). In its proof of claim, Munger Chadwick asserts that its claim is both entirely secured as well as entirely unsecured. (Proof of Claim 3-1). Munger Chadwick has asserted that the basis for its secured claim is a charging lien established in the *Fee Agreement with Munger Chadwick, P.L.C.* (the "Fee Agreement"). (Proof of Claim 3-1; *see also* Dkt. 581 at 6-10).[1]

On October 8, 2015, the Debtors sought Court approval of a settlement agreement reached by and between the Debtors and Sierra Vista Medical Center, L.L.P resolving two pending lawsuits between the parties (the "Sierra Settlement"). (Dkt. 317). Pre-petition, Munger Chadwick represented the Debtors in these two lawsuits. Munger Chadwick objected to the proposed settlement agreement on the basis that it, not the Debtors, was entitled to the settlement proceeds by virtue of its asserted charging lien. (Dkt. 322). The Court approved the settlement agreement and overruled Munger Chadwick's objection without prejudice to the parties filing further pleadings to resolve the competing claims to the settlement funds. (Dkt. 339).

The case was converted to Chapter 7 on May 25, 2016, and the Trustee was appointed.

On May 16, 2019, the Trustee sought Court approval of a settlement with the Debtors in their individual capacities and as trustees of various of their trusts. (Dkt. 568). Munger Chadwick

---

[1] No objection has been raised as to the amount asserted in Munger Chadwick's proof of claim. The only issue before the Court is the extent to which Munger Chadwick's claim is secured.

objected to the proposed settlement on the basis that it was not reasonable. (Dkt. 571). During a hearing on the proposed settlement, counsel for Munger Chadwick raised the unresolved charging lien issue. Ultimately, all objections to the settlement were resolved and the parties agreed that Munger Chadwick would file an application asserting a charging lien on or before October 4, 2019. (Dkt. 582).

Munger Chadwick timely filed the Application, in which it asks the Court to release $10,000, representing the settlement proceeds generated by the Sierra Settlement, in accordance with the Fee Agreement, which Munger Chadwick argues provides for a charging lien in its favor on any Compensation obtained, defined in the Fee Agreement as "all reparations, compensation, benefits and civil damages lawfully due Client." Munger Chadwick has not argued that it is entitled to a lien under any alternative theories.

The Trustee has objected to the Application on the basis that: (1) it is procedurally defective in that it attempts to circumvent the requirements set forth in Federal Rule of Bankruptcy Procedure 7001, which require that an adversary be commenced to determine the validity, priority, and/or extent of a lien; and (2) the plain language of the Fee Agreement provides for a charging lien only if litigation proceeds exceed the outstanding balance owed to Munger Chadwick, which condition has not been satisfied.

### III.    Legal Analysis & Conclusions of Law

#### A.    Procedure

Although Federal Rule of Bankruptcy Procedure 7001(2) provides that proceedings to determine the validity, priority, and/or extent of a lien are to be brought as adversary proceedings, in this case the parties agreed to the procedure followed in this case, specifically the filing of an application. Furthermore, no party will be prejudiced if this proceeding is resolved in the context of the administrative case given that parties in interest have been given notice of these proceedings, there are no disputed issues of fact, and this matter has been fully briefed.

#### B.    Entitlement to Charging Lien

The Fee Agreement provides in relevant part:

> In the event you receive Compensation [defined as "all reparations, compensation, benefits and civil damages lawfully due Client"] in

> excess of the outstanding balance as a result of the Firm's representation, you agree to bring your account current and expressly grant the Firm a "charging lien" in said Compensation for the full undisputed outstanding balance.

(Dkt. 578, Ex. 2 at p.5, ¶ 5).

Munger Chadwick argues that the opening conditional phrase "[i]n the event you receive Compensation in excess of the outstanding balance as a result of the Firm's representation" modifies only "you agree to bring your account current" and not "and expressly grant the Firm a 'charging lien' in said Compensation for the full undisputed outstanding balance." It is the Trustee's position that the conditional phrase applies to both clauses that follow.

"In the event," which is an equivalent of "if," introduces a conditional clause. *See* Bryan A. Garner, *Garner's Modern American Usage* 355 (4th ed. 2016). A conditional clause "is a clause that 'state[s] a condition or action necessary for the truth or occurrence of the main statement of a sentence.'" *United States v. Flores*, 664 F. App'x 395, 399 (5th Cir. 2016) (quoting Porter G. Perrin, Writer's Guide and Index to English 500 (rev. ed. 1950)). The dependent clause that expresses the condition is the protasis, and the main statement in which the consequence is expressed is the apodosis. *Garner's Modern American Usage* at 990. The apodosis is only triggered if the protasis is satisfied. *See Mercer v. Duke Univ.*, 190 F.3d 643, 646-47 (4th Cir. 1999).

In this case, "[i]n the event you receive Compensation in excess of the outstanding balance as a result of the Firm's representation" is the protasis and "you agree to bring your account current and expressly grant the Firm a 'charging lien' in said Compensation for the full undisputed outstanding balance" is the apodosis. The two clauses that make up the apodosis are joined by the conjunction "and," which is used to join clauses that are of equal stature. *See* Bryan A. Garner, *The Redbook: A Manual on Legal Style* § 10.47 (3rd ed. 2013). There is nothing in the syntax or substance of the sentence that would limit the applicability of the opening conditional phrase to only the first phrase that follows.

Therefore, because it is undisputed that neither the Debtors nor the estate received Compensation in excess of the outstanding balance owed to Munger Chadwick the provision

regarding a charging lien was never triggered.

At best, the charging lien provision is ambiguous, and the general rule that ambiguities in contracts must be construed against the drafter applies with additional force when the contract has been drafted by an attorney. *In re Miller*, 253 B.R. 455, 459 (Bankr. N.D. Cal. 2000), *aff'd,* 284 B.R. 121 (N.D. Cal. 2002), *aff'd sub nom. Miller v. United States*, 363 F.3d 999 (9th Cir. 2004); *see also Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991); *United California Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 258, 681 P.2d 390, 410 (Ariz. Ct. App. 1983). In this case, the Court will strictly construe the provision at issue against the drafter, Munger Chadwick.

Moreover, even if the Court were to accept Munger Chadwick's reading of the charging lien provision in the Fee Agreement, Munger Chadwick has not established or cited this Court to any authority that would support the proposition that Munger Chadwick's asserted charging lien was validly perfected and would attach to the post-petition proceeds at issue.

**IV. <u>Conclusion</u>**

Based upon the foregoing and the totality of the circumstances, it is the determination of the Court that Munger Chadwick does not have, and is not entitled to assert, a charging lien against the subject proceeds.

Wherefore, for good cause appearing;

**IT IS HEREBY ORDERED** that the Application is denied.

**DATED AND SIGNED ABOVE.**